UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:
Melissa E. Weaver, f.ka. Melissa Dawn Ellis

CHAPTER 7
CASE NO. 09-81245

Social Security No.:
xxx-xx-4789
Address:
245 Herbert Hill Drive, Timberlake, NC 27583-

DEBTOR(S)

**MOTION TO REOPEN CASE**

Now comes the debtor above-named, and shows unto the Court as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. §157, and that the Court has jurisdiction pursuant to 28 U.S.C. §151, 157 and 1334.

2. That the Debtor files this motion pursuant to 11 U.S.C. § 350(b) to reopen this case.

3. The Debtor, at the time named Melissa Dawn Ellis, originally believed she obtained title to real property located at 48 Honeysuckle Lane, Roxboro, North Carolina, 27573, through a North Carolina Special Warranty Deed from WD Investments, L.L.C., recorded on September 8, 2004, at 4:04:13 p.m., with the Person County Register of Deeds, at Book 504, Page 30.

4. Upon information and belief, WD Investments, L.L.C. asserted its ownership and consequent authority to transfer such property, pursuant to a North Carolina Special Warranty Deed from Oakwood Acceptance Corporation, L.L.C., recorded on September 3, 2003, with the Person County Register of Deeds, at Book 452, Page 162.

5. Upon information and belief, WD Investments, L.L.C. asserted its ownership and consequent authority to transfer such property, pursuant to a North Carolina Special Warranty Deed from Oakwood Acceptance Corporation, L.L.C., recorded on September 3, 2003, with the Person County Register of Deeds, at Book 452, Page 162.

6. Upon information and belief, Oakwood Acceptance Corporation, L.L.C. asserted its ownership and consequent authority to transfer such property, pursuant to a Substitute Trustee's Deed recorded on August 26, 2003, with the Person County Register of Deeds, at Book 451, Page 120, following foreclosure against William Kenneth White and Rhonda Allen White under a Deed of Trust recorded on February 21, 2002, with the Person County Register of Deeds, at Book 364, Page 374.

7. Upon information and belief, William Kenneth White acquired ownership of the property pursuant to a North Carolina General Warranty Deed, recorded on February 22, 2002, with the Person County Register of Deeds, at Book 364, Page 372, from Oakwood Acceptance Corp., L.L.C.

8. Upon information and belief, Oakwood Acceptance Corporation, L.L.C. asserted its ownership and consequent authority to transfer such property, pursuant to a Substitute Trustee's Deed recorded on

February 22, 2002, with the Person County Register of Deeds, at Book 364, Page 368, following foreclosure against Bessie Lloyd under a Deed of Trust recorded on November 17, 1999, with the Person County Register of Deeds, at Book 226, Page 366.

9. Upon information and belief, Bessie Lloyd acquired ownership of the property pursuant to a North Carolina General Warranty Deed, recorded on November 18, 1999, with the Person County Register of Deeds, at Book 300, Page 187, from Oakwood Mobile Homes, Inc.

10. On said Deed, word the "Mobile" is a hand-written insertion.

11. Upon information and belief, Oakwood Homes, Inc. acquired ownership of the property pursuant to a North Carolina General Warranty Deed, recorded on March 15, 1999, with the Person County Register of Deeds, at Book 290, Page 305, from Arc Light Properties, L.L.C.

12. The Debtor granted a Deed of Trust against such property to Primary Residential Mortgage, Inc., with such Deed of Trust being recorded on September 8, 2004, at 4:04:28 p.m., with the Person County Register of Deeds, Book 504, Page 33.

13. There are not, upon information and belief, any assignments of this Deed of Trust recorded with the Person County Register of Deeds, but that Bank of America Home Loans Servicing, L.P., asserted that it was the servicer of this Deed of Trust and Note at the time the Debtor filed her Chapter 7 bankruptcy petition.

14. The lack of assignments, notwithstanding, upon information and belief, Bank of America, Home Loans Servicing, L.P. had, prior to the filing of the Debtor's bankruptcy, asserted that the successor in interest to an obligation the Debtor originally had to Primary Residential Mortgage, Inc.

15. The Debtor filed a voluntary Chapter 7 bankruptcy petition unduly 28, 2009.

16. That, upon information and belief, the Debtor was indebted, or at least believed that she was indebted, to Bank of America, Home Loans Servicing, L.P., for a Deed of Trust and Note against the real property she owned located at 48 Honeysuckle Lane, Roxboro, North Carolina, 27573, and as such listed Bank of America, Home Loans Servicing, L.P. as a creditor, with its address being:

   BAC Home Loans Servicing, L.P.
   P.O. Box 66094
   Dallas, TX 75266-0694

   BAC Homes Loans Servicing, L.P.
   P.O. Box 61270
   Customer Service
   Simi Valley CA 93062-5170

17. That the Debtor did not reaffirm any obligation to either Bank of America Home Loans Serving, L.P., Bank of America, N.A., Primary Residential Mortgage, Inc., or any other party regarding her obligation under this note.

18. That no objection to discharge was filed by Bank of America Home Loans Serving, L.P., Bank of America, N.A., Primary Residential Mortgage, Inc., or any other party.

19. That the Debtor was granted a discharge in her bankruptcy on November 11, 2009.

20. That, for reasons that are unclear but may be related to the bankruptcy of Oakwood Homes Corporation and the subsequent sale of assets, possibly including this property, to Reorganized Sale of OKWD, Inc., some or all of the above transfers were not valid.

21. That on April 5, 2011, at 9:01:16 a.m., Reorganized Sale of OKWD, Inc., f.k.a Oakwood Homes Corporation also sometimes referred to as Oakwood Homes, Inc., transferred the property to Melissa Dawn Ellis, recording a North Carolina General Warranty Deed with the Person County Register of Deeds, Book 772, Page 638.

22. As such the Debtor immediately became the owner of such property.

23. That on April 5, 2011, at 9:01:17 a.m., a Deed of Trust was recorded with the Person County Register of Deed, Book 772, Page 640.

24. Said Deed of Trust is a recording of and is identical to the original Deed of Trust, recorded on September 8, 2004, with the Person County Register of Deeds, Book 504, Page 33.

25. Said Deed of Trust sates that the Beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), that the lender is Primary Residential Mortgage, Inc., and the borrower is Melissa Dawn Ellis.

26. Said Deed of Trust also asserts, on Page 641 of Book 772, that "Borrower owes Lender the principal sum of Seventy Eight Thousand Two Hundred Seventy One and 00/100 Dollars (U.S. $78,271.00)."

27. Upon information and belief, said Deed and Deed of Trust were recorded at the behest and for the benefit of BAC Home Loans Servicing, L.P., Bank of America, N.A. and/or Investors Title Company.

28. That said assertion constitutes a willful "commencement or continuation of ... an act, to collect, recover or offset any debt as a personal liability of the Debtor..." in violation of 11 U.S.C. §524(a)(2).

29. That the recording of said Deed of Trust constitutes an impermissible reaffirmation pursuant to 11 U.S.C. §524(c)(1), as it was done following the granting of the Debtor's discharge.

30. That, as the Debtor's obligation under the original Note was discharged, the assertion of a Deed of Trust against property acquired after the entry of the Debtor's discharge (even if such property was acquired is void, as the Debtor has no obligation under such Note.

31. The reopening of this case is necessary to afford the Debtor the opportunity to bring action against against some or all of the above mentioned parties for a violation of 11 U.S.C. §524 and for a determination of the validity of any Deed of Trust recorded subsequent to her discharge.

WHEREFORE, the Debtor moves the Court to reopen this case, and for such other and further relief as the court may seem just and proper.

Dated: June 1, 2011

Law Offices Of John T. Orcutt, P.C.

<u>/s Edward C. Boltz</u>
Edward C. Boltz
North Carolina Bar No. : 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

Melissa E. Weaver, f.ka. Melissa Dawn Ellis

CHAPTER 7
CASE NO. 09-81245

Social Security No.:
xxx-xx-4789
Address:
245 Herbert Hill Drive, Timberlake, NC 27583-

DEBTOR(S)

## CERTIFICATE OF SERVICE

I, Renee Nolte, of the Law Offices of John T. Orcutt, P.C., certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on June 1, 2011, I served copies of the foregoing **MOTION TO REOPEN CASE** by **certified mail, return receipt requested**, upon the following parties:

| | |
|---|---|
| Bank of America, N.A<br>**Attn: Managing Agent**<br>Post Office Box 941633<br>Simi Valley, CA 93094-1633 | BAC Home Loans Servicing, L.P.<br>**Attn: Managing Agent**<br>Post Office Box 941633<br>Simi Valley, CA 93094-1633 |
| Reorganized Sale of OKWD, Inc.<br>f.k.a. Oakwood Homes Corporation<br>**Attn: Richard M. Hutson, II, President**<br>302 East Pettigrew Street<br>Durham, NC 27701 | |
| Investors Title Company<br>Attn: Managing Agent<br>Post Office Drawer 2687<br>Chapel Hill, NC 27515 | Investors Title Company<br>Attn: Gary Whaley<br>Post Office Drawer 2687<br>Chapel Hill, NC 27515 |
| Primary Residential Mortgage Inc.<br>**Attn: Managing Agent**<br>4750 West Wiley Post Way #200<br>Salt Lake City UT 84116 | WD Investments, L.L.C.<br>**Attn: Managing Agent**<br>216 Sievers Circle<br>Roxboro NC 27573 |

and electronically to:

| | |
|---|---|
| John A. Northen<br>Chapter 7 Trustee | Michael West<br>Bankruptcy Administrator |

/s Renee Nolte
Renee Nolte